IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Third World Media, LLC, a California Limited Liability Company,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Arizona Members of Swarm of July 15, 2011 through July 24, 2011, Sharing Hash File BD55F2868E09C08DADFC1032CCE43DE2BC1A2D17; Does 1 through 7,<br><br>　　　　　Defendants. | No. CV-11-1931-PHX-ROS<br><br>**ORDER** |

Pending before the Court is Plaintiff's Ex Parte Motion for Early Discovery. (Doc. 4). Having considered the issues raised therein, including the requirements of the Cable Privacy Act, 47 U.S.C. § 551, Plaintiff's Ex Parte Motion for Early Discovery will be granted.

**BACKGROUND**

Plaintiff filed a Complaint alleging violations for copyright infringement, civil conspiracy, and negligence against unknown defendants. Plaintiff alleges persons in the on-line community duplicated and distributed unauthorized copies of Plaintiff's movie "Teen Japan 8." Plaintiff seeks permission to take early discovery for the limited purpose of identifying these unknown defendants. Specifically, Plaintiff seeks to subpoena Cox

Communications and Road Runner Cable, each in its capacity as an Internet Service Provider ("ISP"), to determine the names and addresses of certain subscribers connected to certain IP addresses that have been used to infringe upon of Plaintiff's copyrighted works. Additionally, should the need arise, Plaintiff seeks permission to then issue interrogatories to and depose the subscribers identified by these ISPs for the limited purpose of determining whether the subscriber has knowledge of, or is a proper defendant in this action.

## ANALYSIS

Where the identity of alleged defendants will not be known prior to the filing of a complaint, "the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). More specifically, courts have recognized that, "[s]ervice of process can pose a special dilemma for plaintiffs in cases like this in which the tortious activity occurred entirely on-line." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999).

The Court will therefore exercise its discretion to allow Plaintiff to collect limited pre-service discovery from Cox Communications and Road Runner Cable, and to excuse Plaintiff from the meet and confer requirements of Rule 26(d) and 26(f) for the limited purpose of determining the identities of the unknown defendants. The Court will order Cox Communications and Road Runner Cable - to the extent they are "cable operator[s]" as defined by 47 U.S.C. § 522(5) - to comply with the notice provision contained in 47 U.S.C. § 551(c)(2)(B).

Plaintiff also seeks permission to conduct depositions and written interrogatories of subscribers, once identified by Cox Communications and Road Runner Cable. The Court will deny this request without prejudice at this time.

Accordingly,

**IT IS ORDERED** Plaintiff's Ex-Parte Motion for Early Discovery **(Doc. 4)** is **GRANTED IN PART**. Plaintiff is excused from the meet and confer requirements of Rule

1  26(d) and 26(f) and may subpoena Cox Communications and Road Runner Cable for the
2  specific purpose of discovering the identities of the subscribers to whom the IP addresses
3  listed in Doc. 4-2 had been assigned at the time the alleged unauthorized distribution of
4  "Teen Japan 8" occurred.

**IT IS FURTHER ORDERED** that, if served with such a subpoena, Cox Communications and Road Runner Cable shall:

  1) immediately suspend any process that might delete the information sought by Plaintiff; and

  2) have 21 calendar days from the date of service of the subpoena to

    (a) comply with the notice provision contained in 47 U.S.C. § 551(c)(2)(B), if the subpoenaed party is a "cable operator" as defined by 47 U.S.C. § 522(5), and

    (b) respond to the subpoena.

DATED this 29th day of November, 2011.

_____
Roslyn O. Silver
Chief United States District Judge